IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
AUG 21 2007
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

JAMES GREGORY ELLIOTT,

Petitioner,

v.                                            Civil Action No. 2:06cv82
                                               Criminal Action No. 2:03cr15(1)
                                               (Judge Maxwell)

UNITED STATES OF AMERICA,

Respondent.

## OPINION/REPORT AND RECOMMENDATION

On August 16, 2006, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its response May 3, 2007, and the petitioner filed a reply on July 3, 2007.

### I. Factual and Procedural History

**A.**    **Conviction and Sentence**

On April 20, 2004, the petitioner signed a plea agreement by which he agreed to plead guilty to Count Four of the indictment, operating a crack house in violation of 21 U.S.C. § 856(a)(1). On May 20, 2005, the petitioner was sentenced to 240 months imprisonment and three years supervised release. The petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals on May 27, 2005.

**B.**    **Direct Appeal**

According to the petition, the petitioner raised the following grounds on appeal:

(1) invalid guilty plea;

1

(2) whether the district court erred in determining the amount of drugs attributable to the petitioner;

(3) whether the district court erred in concluding that the petitioner possessed a firearm during the commission of the offense; and

(4) whether the district court erred in declining to award a downward departure for acceptance of responsibility.

The petitioner's conviction and sentence were affirmed on appeal December 20, 2005.

C. **Petitioner's Federal Habeas Petition**

In his federal habeas petition, the petitioner asserts the following grounds for relief:

(1) ineffective assistance of counsel

> (a) for failing to represent the petitioner to the best of counsel's knowledge and ability,
>
> (b) for not doing a better job cross-examining witnesses,
>
> (c) for failing to object to the prosecutor's coercive and leading questions with regard to the petitioner's relevant conduct which lead the court to sentence the petitioner above the guidelines, and
>
> (d) for withdrawing after sentencing and refusing to file an appeal to the United States Supreme Court;

(2) invalid guilty plea because the petitioner was incompetent and did not fully understand the nature and consequences of the plea;

(3) breach of plea agreement because the United States did not recommend a two level reduction for acceptance of responsibility;

(4) use of false testimony; and

2

(5) the trial court erred by failing to award a downward departure for acceptance of responsibility.

**D.   The Government's Response**

In the response, the government argues that the petitioner's claims are without merit and that the petition should be denied.

**E.   Elliott's Reply**

In his reply, the petitioner merely reargues the issues raised in the petition and provides additional citations for the court's consideration.

## II.   Analysis

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

**A.   Ground One**

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires the petitioner to demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. Id. at 687. In order to

3

satisfy the prejudice requirement of the two-prong test set forth in Strickland, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364 (1993).

In addition, "a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet." Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). In the case of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (footnote omitted); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland 466 U.S. at 694.

It is further noted that a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Strickland 466 U.S. at 689-90. Moreover, there are no absolute rules in determining what is reasonable performance. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

In this ground, the petitioner first asserts that counsel failed to represent him to the best of his ability, and in fact, told the petitioner that he could have done a better job cross-examining witnesses. Nonetheless, such claim, even if true, does not rise to the level of a Sixth Amendment violation. See Yarborough v. Gentry, 540 U.S. 1, 8 (2003) (the Sixth Amendment guarantees reasonable competence, "not perfect advocacy judged with the benefit of hindsight").

As to the petitioner's claim that counsel failed to object to the prosecutor's coercive and leading questions with regard to the petitioner's relevant conduct, the petitioner fails to identify

4

any particular questions which were improper, or the objections that he feels should have been made. Accordingly, the petitioner has failed to meet his burden under § 2255.

As to the petitioner's claim that counsel failed to file an appeal to the United States Supreme Court, in Wainwright v. Torna, 455 U.S. 586 (1982), the Supreme Court found that "a criminal defendant does not have a constitutional right to counsel to pursue . . . applications for review in this Court." Id. at 587. Consequently, the failure to file a petition for discretionary review cannot constitute cognizable ineffective assistance of counsel. Id. at 587-88; See also Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) (where there is no constitutional right to counsel, there can be no deprivation of effective assistance). Thus, a claim of ineffective assistance of counsel regarding discretionary review is not a ground for § 2255 relief. However, even if it were, the petitioner has failed to assert, much less establish, that he ever requested counsel file such review with the Supreme Court.

For all of these reasons, the petitioner has failed to show that counsel's performance was deficient. Additionally, the petitioner does not once assert that, but for counsel's errors, he would not have pled guilty. Accordingly, ground one should be denied.

**B.    Ground Two**

In ground two, the petitioner asserts that his plea agreement is invalid because he was incompetent and did not fully understand the nature and consequences of his plea. In support of this claim, the petitioner asserts that at the time of his plea agreement, he was unfamiliar with legal language and the federal sentencing guidelines. This is clearly insufficient to show that the petitioner was incompetent at the time of his plea.

"A criminal defendant may not be tried unless he is competent, and he may not waive his right to counsel or plead guilty unless he does so competently and intelligently." Godinez v.

5

Moran, 509 U.S. 389, 396 (1997) (internal citations and quotations omitted). Moreover, competency to stand trial is based on (1) "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and (2) "has a rational as well as factual understanding of the proceedings against him." Id. The same standard applies to competency to plead guilty. Id. at 398-399.

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, before a court accepts a guilty plea, the court must determine that the defendant is competent to enter the plea and that the plea is knowing and voluntary. Rule 11 requires that the court personally inform the defendant of, and ensure that he understands, the nature of the charges against him and the consequences of his guilty plea. United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999). In doing so, the Court must advise the petitioner of the rights he is giving up by pleading guilty. Rule 11(b)(1). Moreover, the Court must discuss the nature of the charges against the petitioner, the penalties that could be imposed, and certain other terms or conditions of the plea agreement. Id. The Court must then establish that the petitioner is entering the plea voluntarily -- without force, threats, or promises made outside the agreement. Rule 11(b)(2).

In this case, the petitioner challenged his plea on appeal and the Fourth Circuit, in affirming the petitioner's conviction, found that the district court fully complied with Rule 11 in taking the guilty plea. See United States v. Elliott, No. 05-4566 (4th Cir. 2005) ("Our review of the plea colloquy leads us to conclude that the district court fully complied with the mandates of Rule 11 in accepting Elliott's guilty plea. Thus, there is no error, plain or otherwise."). Accordingly, because the Fourth Circuit has determined that the Court fully complied with the requirements of Rule 11 hearing, the Court did not err in finding the petitioner competent to

plead guilty and this claim is baseless.[1] Davis v. United States, 417 U.S. 333 (1974) (because the sentencing issue has already been raised and decided on direct appeal, this issue cannot be reconsidered absent a showing of a change in the law); Boeckenhaupt v. United States, 537 F. 2d 1182 (4th Cir. 1976) (same).

C.  **Ground Three**

In ground three, the petitioner asserts that he should be permitted to withdraw his guilty plea because the government failed to adhere to the terms of the agreement. According to the petitioner, the government failed to recommend a two level reduction for acceptance of responsibility.

In paragraph 12 of the plea agreement, it states:

> If the defendant is forthright and truthful as required by this agreement, does not engage in any bond violation or unlawful behavior after signing this agreement, does not obstruct or impede the administration of justice by engaging in conduct defined under Application Note 4(a)-(j) of Guideline 3C1.1 after signing this agreement, pays the special assessment fee, and otherwise complies with the terms of this agreement, then the United States will make the following **nonbinding** recommendations:
>
>> A.  The United States will recommend a two-level reduction for "acceptance of responsibility" pursuant to Guideline 3E1.1 . . .

Plea Agreement (dckt. 117) at 3-4 (emphasis in original).

---

[1] Even if this issue had not been determined on appeal, as noted by the respondent, the petitioner's claims is refuted by the record. See Response (dckt. 235) at 3. A review of the Rule 11 transcripts shows that the Court thoroughly questioned the petitioner to ensure that he was competent to plead guilty and that he understood the nature and consequences of his plea. The Court inquired into the petitioner's education, mental health, use of drugs and medication, and whether the petitioner understood all the rights he was forfeiting by pleading guilty. The petitioner acknowledged that he understood his rights, consulted with counsel, stated that he understood the consequences of his plea, and that his plea was freely and voluntarily made. It is well-established that statements made under oath at a Rule 11 hearing act as a "formidable barrier" to subsequent challenges to those proceedings. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, the court did not err in finding petitioner competent to plead guilty.

In the response, the government asserts that while the petitioner was on pretrial release, and after he had signed the plea agreement, he shot a man in Morgantown, West Virginia, for which he was subsequently convicted of attempted murder in state court. The respondent argues that the petitioner's possession of a firearm in connection to that conviction, as well as his violation of bail curfew, and committing of a felony, are all bond violations and unlawful conduct. Thus, the respondent argues that the clause relinquishing the United States from making the aforementioned recommendation was triggered.

When a guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that it could be said to be part of the inducement or consideration, such promise must be fulfilled. United States v. Beltran-Ortiz, 91 F.3d 665, 668 (4th Cir. 1996). The validity of the plea is called into question if the prosecutor's promises are not carried out, because the plea is involuntary. Santobello v. New York, 404 U.S. 257 (1971). A party alleging breach has the burden of proving the breach by a preponderance of the evidence. United States v. Conner, 930 F. 2d 1073, 1076 (4th Cir.), cert. denied, 502 U.S. 958 (1991).

Clearly, the petitioner's actions subsequent to the signing of the plea agreement relinquished the United States from recommending the two level reduction for acceptance of responsibility. Accordingly, there was no breach of the plea agreement and this ground should be denied.

D. **Ground Four**

In ground four, the petitioner asserts that the government's witnesses gave false testimony with regard to relevant conduct and the petitioner's possession of a firearm. However, as noted by the respondent, this ground fails for two reasons.

First, the Fourth Circuit already made factual findings with regard to these issues and found no error on the part of the district court.[2] See Davis v. United States, supra; Boeckenhaupt v. United States, supra. Second, these claims are bare-boned. Because the petitioner fails to provide the Court with any evidence to support these claims, he has failed to meet his burden under § 2255. See Sutton v. United States, supra. Accordingly, ground four should be denied.

E.  **Ground Five**

In ground five, the petitioner asserts that the Court erred in failing to award a downward departure for acceptance of responsibility. Again, however, this issue has already been addressed by the Fourth Circuit on appeal and is not properly raised under § 2255. See n. 2, infra. Accordingly, ground five should be denied.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's § 2255 motion be **DENIED with prejudice.**

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United

---

[2] Specifically, the Fourth Circuit stated:

Next, counsel questions whether the district court erred in determining the amount of drugs attributable to Elliott, in concluding that Elliott possessed a firearm during the commission of the offense, and in declining to award a downward adjustment for acceptance of responsibility. The District Court . . . properly calculated Elliott's total offense level and criminal history category . . . . We therefore find no error in Elliott's sentence.

United States v. Elliott, supra.

States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 21, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE